ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION
2012 DEC 18 PM 2:01
CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REOSTAR ENERGY CORPORATION, ET AL., | § | Bankruptcy Case No. 10-47176-dml-11 (as consolidated for Joint Administration with Bankruptcy Case Nos. 10-47198; 10-47201; and 10-47203) |
| Debtors. | § | |
| CHRISTOPHER S. HEROUX, AS TRUSTEE OF THE CREDITOR TRUST OF REOSTAR ENERGY CORPORATION, | § | Adversary No. 11-4022-dml |
| Plaintiff, | § | |
| VS. | § | |
| MARK ZOUVAS AND SCOTT ALLEN, | § | District Court Case No. 4:12-CV-046-A |
| Defendants. | § | |

**NON-PARTY JOE BILL BENNETT'S AMENDED MOTION TO QUASH SUBPOENA DUCES TECUM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JOHN MCBRYDE:

NOW COMES Joe Bill Bennett ("Bennett"), a non-party to the above litigation, pursuant to Federal Rule Civil Procedure Rule 45(c)(2)(B), and files this *Amended Motion to Quash Subpoena Duces Tecum* and would respectfully show the Court as follows:

## I. BACKGROUND

1. On or about December 12, 2012, counsel for Defendants Mark Zouvas and Scott Allen (such counsel is hereinafter referred to as the "Issuing Counsel") served a Subpoena Duces

Tecum (the "Subpoena") on Brad D'Amico ("D'Amico") an attorney with the law firm of Cantey Hanger LLP. The Subpoena seeks to require the production of the following documents:

(1) Any and all retainer agreements relating to D'Amico's representation of Bennett from June 1, 2010 to December 1, 2010,

(2) Any and all invoices issued to Bennett for services rendered by D'Amico from June 1, 2010 to December 1, 2010,

(3) Any and all documents relating to D'Amico's representation of Bennett regarding to the June 3, 2010 Letter of Intent from the BT and MK Energy and Commodities LLC ("BTMK") to ReoStar Energy Corporation ("ReoStar"), and

(4) Any and all documents relating to D'Amico's representation of Bennett regarding the August 23, 2010 Term Sheet between BTMK and ReoStar.

Pursuant to the Subpoena, D'Amico is ordered to produce the documents by December 18, 2012. The Subpoena seeks a broad range of documents related to D'Amico's alleged legal representation of Bennett, yet D'Amico has never represented Bennett. Bennett was D'Amico's contact for representation of JBB Holdings, Ltd. ("JBB") and Rife Energy Operating, Inc. ("Rife") while D'Amico was a lawyer at the law firm of Kessler Collins, P.C. D'Amico has since moved to the law firm of Cantey Hanger, LLP and has done no work for Bennett, JBB or Rife while at Cantey Hanger, LLP.

2. This Amended Motion to Quash is filed to correct any impression left by Bennett's Original Motion to Quash that D'Amico was at Cantey Hanger, LLP while he did work for JBB and Rife.

## II. ARGUMENTS AND AUTHORITIES

1. During the time D'Amico represented JBB and Rife, D'Amico was an attorney at Kessler Collins, P.C. D'Amico and the Kessler Collins, P.C. law firm were counsel for JBB and Rife, not Bennett. Moreover, the Subpoena demands compliance from a third party within six (6) days from service of the Subpoena, and no effort was made by the Issuing Counsel to alert D'Amico to his clients' desire to subpoena documents.

2. The time demanded for production was unreasonable in that there were only three business days and two weekend days between the date of service and the date of demanded production. Therefore, Movant requests that the Subpoena be quashed.

Respectfully submitted,

Bryan D. Bruner
State Bar No. 03252475
Bruner & Pappas, L.L.P.
3700 West 7th Street
Fort Worth, Texas 76107-2536
Telephone: (817) 332-6633
Facsimile: (817) 332-6619

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of December, 2012, I forwarded a true and correct copy of the foregoing to all attorneys of record by first class mail, by facsimile and via email.

Bryan D. Bruner

## CERTIFICATE OF CONFERENCE

This is to certify that on this the 17th day of December 2012, I conferenced with Jeffery S. Osgood, counsel for Defendants Zouvas and Allen, with respect to the original Motion to Quash. Mr. Osgood opposed the Motion. Therefore, this Amended Motion is presented as an opposed Motion.

Bryan D. Bruner