IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REOSTAR ENERGY CORPORATION, | § | Bankruptcy Case No. |
| ET AL., | § | 10-47176-dml-11 (as |
| | § | consolidated for Joint |
| Debtors. | § | Administration with |
| | § | Bankruptcy Case Nos. |
| | § | 10-47198; 10-47201; |
| CHRISTOPHER S. HEROUX AS | § | and 10-47203) |
| TRUSTEE OF THE CREDITOR TRUST | § | |
| OF REOSTAR ENERGY | § | |
| CORPORATION, | § | Adversary No. 11-4022-dml |
| | § | |
| Plaintiff, | § | |
| | § | District Court Case No. |
| VS. | § | 4:12-CV-046-A |
| | § | |
| MARK ZOUVAS, | § | |
| | § | |
| Defendant. | | |

### PLAINTIFF'S MOTION TO COMPEL MEDIATION, OR, ALTERNATIVELY, FOR RELIEF FROM THIRD SETTLEMENT CONFERENCE

TO THE HONORABLE JOHN MCBRYDE,
UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff Christopher S. Heroux as Trustee of the Creditor Trust of ReoStar Energy Corporation ("Plaintiff") and files his *Motion to Compel Mediation, or, Alternatively, for Relief from Third Settlement Conference*, and would respectfully show the Court as follows:

### I. BACKGROUND FACTS

1. The prior Plaintiff and Defendant met for the initial required settlement conference (the "Settlement Conference") on July 10, 2012. The current Plaintiff and Defendant

met for the second required settlement conference on January 15, 2013. Plaintiff and Defendant both agree "There was no meaningful progress toward settlement" at this second settlement conference. *See* Docket No. 201, ¶ 2.

2. Plaintiff and Defendant are required to meet for one final settlement conference by February 18, 2013. Based upon the prior settlement conference, Plaintiff does not believe any meaningful progress toward settlement will be made at the next settlement conference without the involvement of a neutral third party.

3. The parties previously discussed and approved two mediators, subject to their schedules, but the parties cannot reach agreement on the mediator's costs. Defendant requires Plaintiff to pay for both parties' costs of the mediation, and Plaintiff does not believe that would be appropriate for his creditors trust or fruitful toward a mutual goal of resolution. At this time, no agreement has been made to mediate.

## II. RELIEF REQUESTED AND BRIEF IN SUPPORT

4. "It is within a court's inherent powers to order non-consensual mediation in those cases in which that step seems reasonably likely to serve the interests of justice." *In re Atlantic Pipe Corp.*, 304 F.3d 135, 140 (1st Cir. 2002). Given the complexity of this case, the interests of justice are much more likely to be served in a formal mediation, with costs shared equally by both parties. In the absence of an objective third party to formally mediate the case, there does not seem to be a reasonable prospect for any settlement. The next settlement conference is likely to be futile without the involvement of an experienced mediator.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order compelling mediation prior to trial, with the mediator's costs shared equally between the parties, or,

alternatively, relieving the parties from a third settlement conference, and otherwise granting Plaintiff such other relief appropriate under the circumstances.

DATE: February 5, 2013          Respectfully submitted,

*/s/ Mark A. Castillo*
Mark A. Castillo
Texas State Bar No. 24027795
mcastillo@curtislaw.net
Joshua L. Shepherd
Texas State Bar No. 24058104
jshepherd@curtislaw.net
**Curtis | Castillo PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709

**COUNSEL FOR PLAINTIFF CHRISTOPHER S. HEROUX, TRUSTEE OF THE CREDITOR TRUST OF REOSTAR ENERGY CORP.**

## CERTIFICATE CONFERENCE

The undersigned certifies that, prior to filing this motion, I conferred with John Galarynk, counsel for Defendant, regarding the relief requested herein. Discussions over formal mediation started at least as early as mid-December 2012, in person, and were followed upon with requests to confirm a mediation via emails and in-person discussions, including on December 26, 2012, January 15, 2013 (with both parties present immediately after the second settlement conference), January 29, 2013, and at other times. Defendant does not agree to cancel the next settlement conference and does not agree to participate in mediation unless Plaintiff pays for both sides' costs of the mediator; Plaintiff does not agree to pay for both sides' costs of the mediator, but believes a shared-cost mediation could be fruitful toward possible settlement.

*/s/ Mark A. Castillo*
Mark A. Castillo

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served upon those persons listed below by email/or hand delivery on February 5, 2013:

**COUNSEL FOR DEFENDANT**
**MARK ZOUVAS**

| | |
|---|---|
| John Galarnyk | Jeffrey S. Osgood |
| Sarah Allison | Robert P. Franke |
| Galarnyk & Associates, Ltd. | Strasburger & Price, LLP |
| Three First National Plaza, Ste 2100 | 901 Main Street, Suite 4400 |
| 70 W. Madison | Dallas, Texas 75202 |
| Chicago, Illinois 60602 | |

_____
Mark A. Castillo

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REOSTAR ENERGY CORPORATION, | § | Bankruptcy Case No. |
| ET AL., | § | 10-47176-dml-11 (as |
| | § | consolidated for Joint |
| Debtors. | § | Administration with |
| | § | Bankruptcy Case Nos. |
| | § | 10-47198; 10-47201; |
| CHRISTOPHER S. HEROUX AS | § | and 10-47203) |
| TRUSTEE OF THE CREDITOR TRUST | § | |
| OF REOSTAR ENERGY | § | |
| CORPORATION, | § | Adversary No. 11-4022-dml |
| | § | |
| Plaintiff, | § | |
| | § | District Court Case No. |
| VS. | § | 4:12-CV-046-A |
| | § | |
| MARK ZOUVAS, | § | |
| | § | |
| Defendant. | | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL MEDIATION

After having considered the relief sought by Plaintiff Christopher S. Heroux, as Trustee of the Creditor Trust of Reostar Energy Corporation, titled "Plaintiff's Motion to Compel Mediation, or, Alternatively, for Relief from Third Settlement Conference," the Court has concluded that the relief sought by such motion should be granted as set forth herein.

Therefore, the Court ORDERS that the parties are required to engage in formal mediation no later than _____, 2013, with the mediator's costs shared equally between the parties.

SIGNED _____, 2013.

Hon. John McBryde
United States District Judge